**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**CHARLES H.M.S. SEXTON, I**
*PLAINTIFF*

**V.**

**DEPARTMENT OF HOMELESS SERVICES,**
**(DHS)** ***et al,***
*DEFENDANT'S*
**sued in their individual and official capacities**

**DOCKET NO. 24-cv-8895**

**CIVIL ACTION**

**JUDGE: DALE E. HO**

**PLAINTIFF'S MOTION TO COMPEL RE-SERVICE AND TO DECLARE PRIOR SERVICE ON MR. JOHN DOE "DAVID/DAVIS" DEFECTIVE**

**NOW COMES,** the Plaintiff Charles H.M.S. Sexton, I, *pro se*, and respectfully moves this Honorable Court for an Order (1) declaring prior service on Defendant Mr. John Doe David/Davis defective under F.RC.P 4(c)(3) and 4(e), (2) compelling proper re-service via the U.S. Marshals Service, (3) ordering the Defendants Project Renewal and/or Breaking Ground, who are represented by counsel on the record, to immediately disclose under seal the last known address and full legal identity of Mr. John Doe, David/Davis, and (4) for such further relief as the Court deems just and proper. In support thereof, the Plaintiff states as follows:

## I. INTRODUCTION

Service on Mr. John Doe David/Davis, was executed on September 12th, 2025 (ECF 68) by delivery to an unauthorized third party, Mr. Matthew Marrero, an Administrative Assistant at Union Hall Safe Haven, not to Mr. David/Davis himself. Mr. John Doe David/Davis has never appeared, has never filed any responsive pleading, and is currently in procedural default without formal adjudication. Counsel for the represented entities Project Renewal and/or Breaking Ground are in possession of identifying and locational information and have failed to cooperate with the Court or the Plaintiff to facilitate proper service. The Plaintiff now moves under F.R.C.P. 4(c)(3), 4(e), 4(m), 16, and 5(b)(2)(E) for a full and enforceable Order to (1) declare the original service defective, (2) compel proper re-service through the U.S. Marshals, and (3) require the Defendants' counsel to produce any and all available identifying and service data under seal for Mr. John Doe David/Davis.

## II. SERVICE IS DEFECTIVE UNDER RULE 4 (e) AND DUE PROCESS REQUIRES RE-SERVICE

The Plaintiff was entitled to proper personal service of process on Mr. John Doe David/Davis, in compliance with Rule 4(e)(2)(A). the substituted service on an unauthorized administrative assistant who was not legally permitted to receive service on Mr. John Doe David/Davis's behalf fails the constitutional threshold of notice and opportunity to be heard under the Due Process Clause. The Plaintiff has been prejudiced by this procedural failure for over six months. *(see);* Henderson v. United

States, 517 U.S. 654, 672 (1996); Rule 4 is designed to assure that service of process is handled in a manner that satisfies due process and provides actual notice to the defendant)); The U.S. Supreme Court mandates that service must be effectuated in a manner reasonably calculated to reach the actual defendant. The U.S. Marshals' delivery to Mr. Matthew Marrero, not Mr. John Doe David/Davis, does not meet this requirement. The Plaintiff provided clear identifying information in the Complaint, and relied on the U.S. Marshals under Rule 4(c)(3) to execute service. The U.S. Marshals failed, and Mr. John Doe David/Davis was never actually notified or served. Therefore, service must be declared defective, and re-service must be ordered. The Second Circuit requires strict adherence to the procedural requirements of Rule 4 and the plaintiff's right to meaningful access to the courts must be preserved. The continued failure of service violates procedural due process. *(also see);* Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986); Actual receipt of the summons and complaint is not sufficient to effect service absent substantial compliance with Rule 4)); The Second Circuit emphasizes that actual notice does not cure defective service. Mr. Matthew Marrero's alleged acceptance is legally insufficient. The Court must declare service defective. The Plaintiff relied in on the U.S. Marshals and cannot be penalized for their procedural mishandling. Mr. John Doe David/Davis remains unserved, and this obstructs the Plaintiff's litigation rights.

## III. COMPEL DISCLOSURE OF MR. JOHN DOE DAVID/DAVIS' LOCATION BY PROJECT RENEWAL/BREAKING GROUND

The Defendants Project Renewal and/or Breaking Ground are represented by legal counsel of record and have a legal and ethical obligation to participate in facilitating service on co-defendants where they possess superior information. *(see);* Board of Trustees v. Elite Erectors, Inc., 212 F.3d 1031, 1037 (7th Cir. 2000); defendants cannot obstruct discovery or hide witnesses necessary to service)); While not parties to this exact service attempt, these represented entities are in control of employment records and are in active litigation. Their refusal to assist the Court violates their Rule 11 obligations and justifies court-imposed compulsion. The Plaintiff has no access to Mr. John Doe David/Davis' address, work record, or location. Counsel for Project Renewal and/or Breaking Ground possess these facts and continue to appear in this action. They must be compelled to disclose under penalty of sanctions. The Second Circuit has imposed discovery sanctions and compelled production of co-defendant information in situations where represented parties obstruct or remain silent on known material facts. *(also see);* Davila v. Gutierrez, 330 F. App'x 125, 127 (2d Cir. 2009); compelling identification of John Doe defendant by employer and permitting substitution once identity is known)); *(also see);* Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997); standard requires the Court to direct represented entities to assist in identifying unknown defendants when the Plaintiff is proceeding "I.F.P." and/or where there is a constitutional interest at stake. Counsel for the oversight entities must now be ordered to disclose Mr. John Doe David/Davis' identity and address within 10 days to allow re-service under Rule 4(m).

## IV. VIOLATION OF THE PLAINTIFF'S RIGHTS DUE TO DELAY

The Plaintiff's constitutional right to timely adjudication is compromised. *(see);*Mathews v. Eldridge, 424 U.S. 319 (1976); requires fair process, notice, and opportunity to be heard)); The cumulative delay

resulting from defective service, failure of represented entities to disclose, and procedural foot-dragging violates the Plaintiff's rights. *(also see);* Logan v. Zimmerman Brush Co., 455 U.S. 422, 429-31 (1982); state-created impediments to due process may violate the Constitution even absent intent)); The governmental actors U.S. Marshals, Clerk of Court, and private oversight actors Project Renewal and/or Breaking Ground have conspired through inaction to deny the Plaintiff full and fair opportunity to litigate his claims. The delay of over six months in effectuating service on a party known to the Defendants obstructs this case and warrants correction and judicial intervention.

## V. INTERFERENCE WITH SERVICE OF PROCESS

The return of service filed at (ECF No. 68) reflects that the summons and complaint directed to Defendant Mr. John Doe David/Davis were accepted by "Mr. Matthew Marrero, Administrative Assistant" at Union Hall Safe Haven. There is no indication in the record that "Mr. Marrero" was authorized to accept service on behalf of Mr. John Doe David/Davis, or that he was a designated agent for service of process. Acceptance of service by a non-authorized individual constitutes interference with proper service of process because it creates the false appearance that service has been completed when, in fact, Rule 4 has not been satisfied. This type of interference disrupts the orderly administration of federal procedure, delays joinder of parties, and impedes the Court's ability to exercise jurisdiction over the intended defendant. The Plaintiff asserts that Mr. Marrero acted with personal bad faith; however, the acceptance of federal process by unauthorized personnel at a represented entity's facility demonstrates a failure of internal procedures that directly obstructed lawful service. Where institutional actors permit or fail to prevent improper acceptance of service, courts possess inherent authority to ensure that federal process is not frustrated. *(see);* Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991); recognizing courts' inherent authority to address conduct that interferes with the judicial process)); The Plaintiff notes that Mr. Matthew Marrero, Administrative Assistant, falsely accepted service for Mr. John Doe David/ Davis without authority. This obstructed service of process and acceptance of service by unauthorized staff constitutes interference with federal process, the Plaintiff's constitutional rights and frustrates the goals of Rule 4. The Court should formally refer the conduct to the U.S. Marshals and consider including a declaration that Project Renewal and/or Breaking Ground must ensure future accuracy in internal procedures.

## VI. CONCLUSION

**WHEREFORE,** For the following reasons set forth above, Plaintiff respectfully requests that this Honorable Court issue an Order:

1) Declaring the September 12th, 2025 service on Defendant Mr. John Doe, David Davis, by delivery to Mr. Matthew Marrero, defective under F.R.C.P. 4(e);

2) Ordering the U.S. Marshals to effectuate proper re-service under Rule 4(c)(3) and 4(m);

3) Compelling counsel for Project Renewal and/or Breaking Ground to disclose any and all identifying and location data under seal for Mr. John Doe David/Davis.

4) Declaring that the prolonged delay in service has violated the Plaintiff's Due Process rights but not

limited to, under the U.S. Constitution;

5) Referring the conduct of Mr. Matthew Marrero for investigation for obstruction and interference and considering Court-initiated administrative instruction;

6) **GRANT** such other relief as this Court deems just and proper.

**Respectfully Submitted,**

/s/ Charles H.M.S. Sexton
40 Ann Street
New York, NY 10038
Scotsaxton13@gmail.com
(646) 973-8066
Date February 1st, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**CHARLES H.M.S. SEXTON, I**
*PLAINTIFF*

**V.**

**DEPARTMENT OF HOMELESS SERVICES,**
**(DHS)** ***et al,***
*DEFENDANT'S*
**sued in their individual and official capacities**

**DOCKET NO. 24-cv-8895**

**CIVIL ACTION**

**JUDGE: DALE E. HO**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b) and Local Civil Rule 5.2, I, Charles H.M.S. Sexton, hereby certify that on this **1st**, of **February, 2026**, I electronically filed a true and correct copy of the **PLAINTIFF'S MOTION TO COMPEL RE-SERVICE AND TO DECLARE PRIOR SERVICE ON MR. JOHN DOE "DAVID/DAVIS" DEFECTIVE** with the Clerk of Court for the Southern District of New York via the Case Management/Electronic Case Files (CM/ECF) system.

Attorneys for Project Renewal, Inc. Scott Green 200 Garden City Plaza Suite 520 Garden City, NY 11530 516.281.9859 sgreen@goldbergsegalla.com Charles Lazo 711 3rd Avenue Suite 1900 New York, NY 10017 646.292.8728 clazo@goldbergsegalla.com
Tracy L. Frankel, Esq. MALAPERO PRISCO & KLAUBER LLP (TLF-3648) Attorneys for Defendant COMMON GROUND MANAGEMENT CORPORATION d/b/a BREAKING GROUND 271 Madison Avenue, Suite 401 New York, New York 10016 (212) 661-7300 tfrankel@malaperoprisco.com
Attorneys for Willow Men's Shelter and Westhab Inc. Joseph Dimitrov Angela M. Stenroos LITCHFIELD CAVO LLP 420 Lexington Ave, Suite 2104 New York, NY 10170 212-434-0100 dimitrov@litchfieldcavo.com
George S. Evans, Jr., Esq Rachael E. Nole, Esq. Ahmuty Demers & McManus Attorneys for Defendant Volunteers of America 199 Water Street, 16th Floor New York, New York 10038 (646) 536-5756 george.evans@admlaw.com.rachael.nole@admlaw.com
I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

**Respectfully Submitted,**

Charles H.M.S. Sexton

/s/ Charles H.M.S. Sexton
40 Ann Street
New York, NY 10038
Scotsaxton13@gmail.com
(646) 973-8066
Date: February 1st, 2026