UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHARLES H.M.S. SEXTON, I,

                                    Plaintiff,                        **24 Civ. 8895 (DEH) (GS)**

                    -against-                                         **ORDER**

DEPARTMENT OF HOMELESS
SERVICES, *et al.,*

                                    Defendants.
------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

This Order resolves a series of motions filed by Plaintiff on October 1, 2025.  (Dkt. Nos. 75, 76 & 77).

1.      Plaintiff moves to strike the Case Management Plan and Scheduling Order ("CMP") previously entered in this case on August 27, 2025 (Dkt. No. 66), following an initial case management conference held on August 14, 2025.  (Dkt. No. 77).  Plaintiff moves to strike the CMP on the ground that a magistrate judge lacks the authority to issue such an order absent consent.  (*Id.* at 2).  Plaintiff is mistaken; case management plan orders are non-dispositive, and fully within the jurisdiction of a magistrate judge to enter.  *See, e.g., Kamden-Ouaffo v. Balchem Corp.*, No. 17 Civ. 2810 (PMH), 2020 WL 4040909, at *1 (S.D.N.Y. July 16, 2020) (explaining that scheduling orders and discovery plans are non-dispositive orders over which a magistrate judge has authority).

Plaintiff also moves to strike the CMP on the ground that no Rule 26(f) conference has been conducted.  But the proposed CMP submitted to the Court

1

and the CMP as entered expressly state that "[t]he parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on August 8, 2025 via email." (Dkt. No. 58 at 1; Dkt. No. 66 at 1). Although Plaintiff now claims that this conference occurred only between defense counsel, and that he was not included (Dkt. No. 77 at 3), Plaintiff made no objection along these lines either before or at the initial case management conference. The Court then proceeded to enter the CMP as it stated it would do during the conference. To the extent Plaintiff may have had any grounds to object based on his nonparticipation in a Rule 26(f) conference, Plaintiff has waived that objection by not raising it earlier.

Accordingly, Plaintiff's motion to strike (Dkt. No. 77) is hereby DENIED.[1] The Case Management Plan signed by the Court and entered on August 27, 2025 has been and remains in effect.

2.      Plaintiff also moves the Court to confirm venue in the Southern District of New York ("SDNY") or, in the alternative, to transfer venue to the SDNY. (Dkt. No. 76).[2] The Court is perplexed by this motion. Plaintiff previously filed a motion to transfer venue to the SDNY (Dkt. No. 14), which Judge Ho, in a May 7, 2025 Order, denied as moot on the ground that Plaintiff filed this action in the SDNY and hence a motion to transfer venue to the SDNY is unnecessary. (Dkt. No. 22 at 6). The same is true today: There is no reason to "transfer" a case to the

---

[1] The Court has considered the other arguments made in Plaintiff's motion to strike and finds them unavailing or duplicative of other arguments addressed in this Order.

[2] "Because a motion to transfer venue is non-dispositive," a magistrate judge may decide it "by order pursuant to 28 U.S.C. § 636(b)(1)(A), rather than by issuing a report and recommendation." *Mulgrew v. U.S. Dep't of Transp.*, 717 F. Supp. 3d 281, 284 n.1 (E.D.N.Y. 2024).

District in which it is currently pending.  Further, Plaintiff's contention that Judge Ho improperly denied his prior venue motion "before any adversarial briefing" (Dkt. No. 76 at 2) is nonsensical.

In his motion to strike, Plaintiff suggests that he believes venue in the SDNY may be improper as to Defendants Project Renewal and Breaking Ground because they "operated facilities located in E.D.N.Y., not S.D.N.Y." (Dkt. No. 77 at 3).  That suggestion is at odds with his assertion in his current venue motion that Project Renewal and Breaking Ground *are* subject to venue in the SDNY.  (Dkt. No. 76 at 2).  Regardless, venue in a civil action is proper in a judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1).  Plaintiff's Complaint alleges that all Defendants (including Project Renewal and Breaking Ground) are organized under New York law and have their principal place of business in this District.  (Dkt. No. 1 at 4-5).  Further, no Defendant has raised a defense of venue in its Answer, which means Defendants have waived venue.  *See, e.g.*, *Johnson v. Bryson*, 851 F. Supp. 2d 688, 704 (S.D.N.Y. 2012) ("Pursuant to Rule 12(h)(1) of the Federal Rules of Civil Procedure, a defendant waives any challenge to venue if it fails to raise that objection in a pre-answer motion or in its first responsive pleading.").

Accordingly, Plaintiff's motion to confirm or transfer venue (Dkt. No. 76) is DENIED as moot.

3.      Plaintiff has also filed a motion to stay discovery pending resolution of his motion under Rule 60(b) (Dkt. No. 74, also filed on October 1, 2025) seeking to

vacate Judge Ho's May 7, 2025 Order to the extent that it *sua sponte* directed the dismissal of all but seven of the more than 50 defendants named in Plaintiff's Complaint.[3]  (Dkt. No. 75).  Plaintiff principally contends that allowing the action to proceed before his Rule 60(b) motion is decided would result in "at least two separate discovery phases," one now and one after key defendants are reinstated (as Plaintiff predicts they will be), and that "Plaintiff will be forced to incur twice the litigation expense and effort."  (*Id.* at 2-3, 4-5).

"[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of New York*, No. 11 Civ. 622 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted).  Courts consider: (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.  *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020). The moving party bears the burden of demonstrating good cause under Fed. R. Civ. P. 26(c).  *Id.*[4]

Plaintiff has failed to demonstrate good cause for a stay pending a ruling on his Rule 60(b) motion.  To be clear, the Rule 60(b) motion is before Judge Ho,

---

[3] Specifically, Judge Ho's May 7 Order ordered that the Complaint be dismissed as against all defendants save for Defendants McBride, Henderson, David or Davis, the Volunteers of America, Westhab, Inc., Project Renewal, and Breaking Ground.  (Dkt. No. 22 at 22).

[4] A motion to stay discovery or stay proceedings is considered a nondispositive motion within the scope of a magistrate's authority to decide.  *See, e.g.*, *In re Pidwell for an Order Seeking Discovery from Centerbridge Partners L.P.*, No. 21 Misc. 166 (ALC) (KHP), 2022 WL 443632, at *1 n.1 (S.D.N.Y. Feb. 14, 2022); *Alexander v. City of New York*, No. 07 Civ. 5676 (JSR) (FM), 2008 WL 919621, at *1 (S.D.N.Y. Mar. 31, 2008).

not the undersigned, as it seeks vacatur of a prior Order issued by Judge Ho and is dispositive as to Plaintiff's claims against the defendants previously dismissed.  This Court thus cannot and does not issue any ruling on the Rule 60(b) motion itself.  However, based on the Court's review of Plaintiff's submissions, Plaintiff has provided no grounds to demonstrate a likelihood of success on the merits of his motion to vacate the May 7, 2025 Order.  As a result, there is no genuine concern that discovery proceedings will be duplicated unnecessarily, or that Plaintiff will suffer prejudice, absent a stay.

Plaintiff's motion also seeks a stay on other grounds including that (1) no valid Rule 26(f) conference has occurred or CMP has been entered, (2) personal jurisdiction is absent over "unserved parties," *i.e.*, the parties ordered dismissed by Judge Ho's May 7 Order, (3) venue could be proper in the EDNY because a substantial part of events giving rise to Plaintiff's claims occurred there, and (4) the issue of the undersigned's authority as the Magistrate Judge has not yet been decided.  (Dkt. No. 75 at 3-5).  But, as described above, this Order resolves and rejects Plaintiff's challenges to the validity of the CMP and to a magistrate judge's authority to enter a CMP.  As also discussed above, venue is proper in this District and there is no motion before the Court seeking to transfer venue to the EDNY.[5]  Finally, Plaintiff's "personal jurisdiction" argument presumes

---

[5] Plaintiff has made no such motion; rather, he filed a motion to confirm or transfer venue to the *SDNY*.  (Dkt. No. 76).  If and to the extent Plaintiff suggests in his motion for a stay that venue should be transferred to the EDNY, "'[b]ecause a plaintiff has already had the opportunity to choose the forum when filing the action,' courts in this District have historically required plaintiffs 'to demonstrate a "change in circumstances" that has taken place since the filing of suit in order to prevail.'"  *United States ex rel. Fisher v. Bank of Am., N.A.*, 204 F. Supp. 3d 618, 623 (S.D.N.Y. 2016)

that he will prevail on his Rule 60(b) motion and Judge Ho will reinstate the relevant defendants—but as discussed above, Plaintiff has not shown that he likely to succeed on that motion.

Accordingly, Plaintiff's motion for a stay (Dkt. No. 75) is DENIED.[6]

The Clerk of Court is respectfully directed to close the open motions at Docket Nos. 27, 75, 76, and 77.

**SO ORDERED.**

DATED:    New York, New York
          February 24, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge

---

(quoting *Atl. Mut. Ins. Co. v. CSX EXPEDITION,* No. 00 Civ. 7668 (LMM), 2003 WL 21756414, at *2 (S.D.N.Y. July 30, 2003)).  Plaintiff identifies no such change in circumstances here.

[6] Plaintiff previously filed a motion to stay pending the Second Circuit's consideration of his interlocutory appeal of Judge Ho's May 7, 2025 Order. (Dkt. No. 27).  The Second Circuit has since dismissed Plaintiff's interlocutory appeal. (Dkt. No. 88).  Accordingly, Plaintiff's previously filed motion is now moot.