**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
CHARLES H.M.S. SEXTON, I,

                      Plaintiff,

           -against-

DEPARTMENT OF HOMELESS
SERVICES, *et al.,*

                    Defendants.
------------------------------------------------------------X

**24 Civ. No. 8895 (DEH) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

On July 22, 2025, Plaintiff moved to compel service upon all unserved Defendants, including, *inter alia*, Defendants McBride, Henderson and David.  (Dkt. No. 54).   Pursuant to the Court's May 7, 2025 Order of Service (Dkt. No. 22), the United States Marshals Service ("Marshals Service") attempted service on all unserved, non-terminated Defendants, including McBride, Henderson and David.  Service was executed as to David by the Marshals Service on September 12, 2025.  (Dkt. No. 68).  According to the Returns of Service, McBride could not be located at the address provided (Dkt. No. 48) and the summons and complaint mailed to the address for Henderson provided by Plaintiff was returned to sender as undeliverable (Dkt. No. 50).  The information provided by Plaintiff was insufficient to allow the Marshals Service to effectuate service on his behalf as to McBride and Henderson, and Plaintiff has failed to supplement this information, despite ample time to do so.  Although Sexton, because he is proceeding *pro se*, is

1

entitled to "rely on the United States Marshal's Service to effectuate service, [he] must provide the information necessary for the Marshal to serve the defendant." *Redd v. Phillips*, 348 F. App'x 606, 607 (2d Cir. 2009); *see also Ruddock v. Reno,* 104 Fed. Appx. 204, 207 (2d Cir. 2004) (explaining that a litigant must provide "information necessary to identify the defendant"). The motion to compel service is therefore DENIED.

**SO ORDERED.**

DATED:    New York, New York
          February 25, 2026

_____
The Honorable Gary Stein

2