UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sexton,<br><br>                    Plaintiff,<br><br>            v.<br><br>Department of Homeless Services et al.,<br><br>                    Defendant(s). | |

24-CV-8895 (DEH)

ORDER

DALE E. HO, United States District Judge:

The Court writes to resolve several pending motions.

On May 7, 2025, this Court issued an Order dismissing a number of claims and defendants, sua sponte, from the above-caption action initiated by Plaintiff Charles H.M.S. Sexton, who proceeds pro se. ECF No. 22. That Order granted Plaintiff leave to file an amended complaint to afford him with the opportunity to cure the defects identified in the Court's Order and to replead his claims under Section 1983 against the City of New York, the New York City-officer Defendants, and the security-personnel Defendants. *Id.* at 21. Plaintiff declined to file an amended complaint, instead filing an interlocutory appeal, ECF No. 29, and—when that appeal was unsuccessful—a motion to vacate, ECF No. 74.

On May 8, 2025, this Court referred this action to Magistrate Judge Gary Stein for general pretrial purposes and dispositive motions that require a report and recommendation. ECF No. 23. On September 24, 2025, Plaintiff filed a motion objecting to that referral and the case management plan ("CMP") that Judge Stein signed pursuant to the order of reference. ECF No. 69.

On March 1, 2026, Plaintiff timely filed objections pursuant to Federal Rule of Civil Procedure 72(a), challenging an order issued by Judge Stein denying Plaintiff's motion to stay,

motion to change venue, and motion to strike, ECF No. 107, and an order issued by Judge Stein denying Plaintiff's motion to compel service, ECF No. 109.  ECF No. 110.

For the reasons stated herein, Plaintiff's motions are **DENIED**.

## I.    Motion to Vacate

Plaintiff argues that the Court lacks personal jurisdiction to dismiss defendants who have not been served; that sua sponte dismissal violates Plaintiff's due process rights; that the dismissed defendants are intertwined with remaining defendants against whom Plaintiff raises non-frivolous claims; that the judgment is void because of jurisdictional issues and should be set aside pursuant to Rule 60(b)(4); that the decision not to amend does not waive his procedural arguments; that relief is warranted pursuant to Rule 60(b)(6) because there are "extraordinary circumstances;" that service should be directed for dismissed defendants; that the Court should grant an extension of time for service on dismissed defendants; that dismissal is not a final merits judgment; that the dismissal of his interlocutory appeal requires the Court to correct certain procedural defects; and that vacating the prior dismissal will prevent prejudice and fragmented discovery.  ECF No. 74.

These arguments are without merit.  As stated in the Court's Order, "[t]he Court must dismiss an IFP complaint, or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  ECF No. 22 (citing 28 U.S.C. § 1915(e)(2)(B) & *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d. Cir. 1998)).  The Court's Order goes on to describe in depth the ways in which Plaintiff's complaint is deficient with respect to the dismissed defendants and claims.  None of Plaintiff's arguments overcome this barrier, and the Order stands.

## II.    Magistrate Judge Referral and Case Management Plan

Plaintiff argues that he never consented to Judge Stein's jurisdiction pursuant to 28 U.S.C. § 636(c); that any CMP is improper pending appeal of the Court's May 7, 2025 Order; that the

2

case should be stayed pending appeal; that appellate jurisdiction is active because the Second Circuit had not set a briefing schedule; that a CMP was improper when all defendants had not been served; that the CMP includes language anticipating "dropping parties" in violation of Rule 21; that the CMP cannot "drop parties without a Rule 19(b) indispensability analysis"; recusal of the undersigned and of Judge Stein is required because the appeal names them; that no scheduling order has been signed and the CMP is not valid; that the CMP is subject to objections from the parties under Rule 72(a); that discovery under the CMP is premature because service has not been effectuated upon all defendants; that allowing amendment post-discovery prejudices Plaintiff; that the CMP timeline is "unworkable" because not defendants have not appeared; that the CMP includes merits defenses in violation of Rules 12 and 56; and sua sponte dismissal is reversable on appeal.

These arguments are either moot or without merit. First, Plaintiff misunderstands the basis of Judge Stein's authority and jurisdiction in this case, which is over non-dispositive matters and to issue a report and recommendations over dispositive matters. That is authorized under 28 U.S.C. § 636(b)(1)(A) & (B), pursuant to which a party's consent is unnecessary. Judge Stein does not at present exercise authority over dispositive matters in this case under 28 U.S.C. § 636(c), which does require the consent of the parties. Second, Plaintiff's interlocutory appeal was dismissed by the Second Circuit on September 25, 2025, the same day Plaintiff filed this motion. ECF No. 70. Thus, any argument that this Court or Judge Stein lacks authority to continue the case "pending appeal" is moot. Next, the CMP is valid with respect to the served defendants. It has been signed by Judge Stein. *See* ECF No. 66. Further, Rules 12, 19(b) 21, and 56 have no bearing on the CMP, which does not reflect any Court adjudication with respect to joinder, misjoinder, nonjoinder, motions to dismiss, or motions for summary judgment. Because the CMP is valid, discovery is not premature with respect to the served defendants.

3

Finally, Plaintiff raises several arguments with respect to the CMP because not all defendants have been served. To the extent these arguments are asserted on the ground that *dismissed* defendants have not been served, those arguments are moot and without merit because dismissed defendants are not parties to this case. Plaintiff, however, has not served two defendants who remain: Defendant McBride and Defendant Henderson. Plaintiff is reminded that service on defendants is the responsibility of the Plaintiff, *see* Rule 4(c)(1), and must ordinarily be made within 90 days after the complaint has been filed, *see* Rule 4(m). The complaint was filed on November 18, 2024, and the record shows no attempts to serve Defendants McBride or Henderson that have been made since July 17, 2025. *See* ECF Nos. 48 & 50. Plaintiff filed a motion to compel service on those Defendants on July 22, 2025, ECF No. 54, but, as Judge Stein correctly notes in his Order denying that motion to compel, ECF No. 109, it is the responsibility of the Plaintiff to provide accurate information to the United States Marshal's Service for service, and Plaintiff has not supplemented the information originally provided.

Given Plaintiff's pro se status, Plaintiff shall effectuate service on Defendants McBride and Henderson by **July 27, 2026**, or the Court will dismiss those defendants without prejudice. If Defendants McBride and Henderson are properly served, the CMP can be amended as appropriate and pursuant to Judge Stein's direction, but Plaintiff's own delays in effectuating service on the individuals *he* has decided to sue is not grounds for invalidating a CMP in whole.

## III.    Objections to Magistrate Judge Orders

Plaintiff objects, pursuant to Rule 72(a), to Judge Stein's February 24, 2026 Order, ECF No. 107, and February 25, 2026 Order, ECF No. 109.

February 24, 2026 Order

Plaintiff argues that this Order should be modified or set aside because Judge Stein ruled on the merits of Plaintiff's pending motion to vacate, ECF No. 74, because there are inadequate

venue findings, and because Judge Stein improperly refused to strike the CMP. These objections are denied as moot and/or without merit. The Court has now ruled on Plaintiff's motion to vacate, so any objections based on that motion are moot. Likewise, the Court has now ruled on the validity of the CMP, so any objections based on arguments that the CMP is invalid are also moot. Finally, the Court agrees with Judge Stein that Plaintiff's motion to confirm and/or transfer venue to S.D.N.Y., when Plaintiff brought the case in the S.D.N.Y., is perplexing. Further, the Court has already denied a motion to transfer venue to S.D.N.Y. because there is no need to "transfer" a case to a venue in which it is already pending. ECF No. 22. This argument is without merit and Judge Stein's logic is neither clearly erroneous nor contrary to law.

February 25, 2026 Order

Plaintiff objects to Judge Stein's Order denying Plaintiff's July 22, 2025 motion to compel service on Defendants McBride and Henderson, ECF No. 54, because Judge Stein did not require institutional defendants to provide last-known addresses or identifying information for McBride or Henderson. But that is not the motion that Plaintiff made. Plaintiff's motion to compel asks the Court to "Order the City of New York, DHS, DOCCS, or relevant public agency employer(s) to provide, under seal, the last known home and/or work addresses of each unserved defendant(s) to facilitate service." These entities are not parties to this case and the Court has no authority to compel them to do anything with respect to disclosure of personal identifying information needed for an action they are not party to. Further, Plaintiff has made no showing that any of the institutional defendants that remain in this matter have any connection to Defendants McBride or Henderson. If Plaintiff would like any remaining defendant to assist him in identifying the addresses of Defendants McBride and Henderson, he is welcome to make that request, and those defendants may make any proper objections. The Court, however, does not find Judge Stein's Order clearly erroneous or contrary to law when he ruled on the motion that Plaintiff made.

Plaintiff's motions are **DENIED**.  As stated herein, Plaintiff shall effectuate service on Defendants McBride and Henderson by **July 27, 2026**, or the Court will dismiss those defendants without prejudice.

The Clerk of Court is respectfully directed to terminate ECF Nos. 69, 74, and 110.

SO ORDERED.

Dated: April 28, 2026
New York, New York

_____
DALE E. HO
United States District Judge

6