UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sexton,

Plaintiff,

v.

Department of Homeless Services et al,

Defendants.

24-CV-8895 (DEH)

ORDER

DALE E. HO, United States District Judge:

In this action, Plaintiff Charles H.M.S. Sexton, I, proceeding *pro se*, brings various discrimination-related claims against numerous public and private entities, as well as against individuals associated with those entities. Three private social services organizations—Defendant Volunteers of America ("VOA"), Defendant Common Ground Management Corp. d/b/a Breaking Ground ("Breaking Ground"), and Defendant Project Renewal, Inc. ("Project Renewal") (collectively, "Defendants")—moved to dismiss the action pursuant to Rules 12(b)(6), 12(c), and/or Rule 56 of the Federal Rules of Civil Procedure, or to be dropped as parties under Federal Rules of Civil Procedure 21.[1] On July 30, 2026, Magistrate Judge Stein issued a Report and Recommendation (the "Report"), recommending that Defendants' motions be granted under Rule 12(c), and in the alternative, under Rule 21.[2] The deadline to file objections to the Report was August 13, 2026. As of the date of this Order, neither Mr. Sexton nor any of the Defendants have filed any objections, nor have any of the parties sought an extension.

In reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

[1] ECF Nos. 81, 87, 89.

[2] ECF No. 134.

judge."[3] "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."[4] The Court has reviewed the Report and has found no error, clear or otherwise.

It is hereby **ORDERED** that the Report is **ADOPTED IN FULL**. As set forth in the Report, Mr. Sexton has failed to state claims for discrimination under either the FSA or Section 1981,[5] and he has also failed to state a claim for retaliation under Section 1981.[6] Further, even if Mr. Sexton had stated claims under the FSA or Section 1981, the Defendants are improperly joined in the matter because they have no relation to the shelters or alleged wrongdoing at issue in the Complaint.[7]

Plaintiff may amend the complaint; any such amended complaint must be filed by **September 18, 2026**. The Court notes, however, that any amended complaint must not include Section 1983 claims, which have previously been dismissed.[8] Further, Plaintiff may not amend any opposition briefing with respect to the motions decided in this Order. The Court will not consider any amended complaints filed after this date. If an amended complaint is filed, and if Defendants seek to move to dismiss, they may file a single motion to dismiss and a single consolidated memorandum of law in support of such motion.

---

[3] 28 U.S.C. § 636(b)(1)(C).

[4] *Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3936749, at *1 (S.D.N.Y. June 9, 2023) (internal quotation marks and citation omitted).

[5] *See* Report at 12-26.

[6] *See id.* at 27-29.

[7] *See id.* at 29-33.

[8] In an Order dated May 7, 2025, this Court dismissed Plaintiff's Section 1983 claims, but granted Plaintiff leave to replead those claims within 30 days of that Order. ECF No. 22 at 21. Plaintiff did not avail himself of that opportunity.

The Clerk of Court is respectfully directed to terminate ECF Nos. 78, 87, 89, and 100.

SO ORDERED.

Dated: August 19, 2026
New York, New York

DALE E. HO
United States District Judge