UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES H.M.S. SEXTON, I,
Plaintiff,

v.

DEPARTMENT OF HOMELESS SERVICES, et al.,
Defendants.

24-CV-8895 (DEH) (GS)

ORDER

DALE E. HO, United States District Judge:

On August 19, 2026, the Court adopted in full the Report & Recommendation of the Honorable Magistrate Judge Gary Stein granting the motion of Defendants Volunteers of America ("VOA"), Common Ground Management Corp. d/b/a Breaking Ground ("Breaking Ground"), and Project Renewal, Inc. ("Project Renewal") to dismiss this action pursuant to Rules 12(b)(6), 12(c), or 56 of the Federal Rules of Civil Procedure or, in the alternative, to be dropped as parties under Rule 21.[1] ECF No. 137. The Court further adopted Magistrate Judge Stein's recommendation that Plaintiff be given leave to amend and afforded Plaintiff until September 18, 2026, to file an amended complaint. ECF No. 137. To date, no amended complaint has been filed. Accordingly, Defendants VOA, Breaking Ground, and Project Renewal are hereby **DISMISSED.**

The Court also addresses Plaintiff's efforts to serve several individual defendants. The relevant history is as follows. On May 9, 2025, summonses were issued as to individual Defendants John Doe David/Davis ("David"), Jane Doe McBride ("McBride"), and John Doe Henderson ("Henderson"). ECF No. 24. On July 17, 2025, two forms were filed on the docket showing that the U.S. Marshall Service could not effectuate service on Henderson and McBride.

[1] All references to "Rules" in this Order are to the Federal Rules of Civil Procedure.

ECF Nos. 48 & 50. On September 19, 2025, a form was filed showing that service for David was accepted by one "Matthew Marrero." ECF No. 68. However, Magistrate Judge Stein concluded that the attempted service was ineffective and David has still not been served. *See* ECF No. 142 at 15. The Court agrees.

On April 28, 2026, the Court ordered Plaintiff to effectuate service on Henderson and McBride by July 27, 2026, or the Court would dismiss them from the case. ECF No. 122. The Court noted that

> [t]he complaint was filed on November 18, 2024, and the record shows no attempts to serve Defendants McBride and Henderson that have been made since July 17, 2025. *See* ECF Nos. 48 & 50. Plaintiff filed a motion to compel service on those Defendants on July 22, 2025, ECF No. 54, but, as Judge Stein correctly notes in his Order denying that motion to compel, ECF No. 109, it is the responsibility of the Plaintiff to provide accurate information to the United States Marshal's Service for service, and Plaintiff has not supplemented the information originally provided.

*Id.* at 4. On July 28, 2026, Plaintiff requested an extension of time to serve David, Henderson, and McBride. ECF No. 133. On September 30, 2026, Magistrate Judge Stein granted Plaintiff's extension request as to Henderson but denied it as to David and McBride, finding that Plaintiff had not shown good cause as to the latter two defendants. ECF No. 142.

Rule 4(m) requires that a defendant be served "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). "Pro se plaintiffs are not excused from compliance with Rule 4." *George v. Roberts*, No. 17 Civ. 3684, 2018 WL 1517203, at *2 (S.D.N.Y. Mar. 26, 2018). While a court may extend the time for service where the plaintiff shows good cause, Fed. R. Civ. P. 4(m), Magistrate Judge Stein determined that good cause was not established here with respect to David and McBride, *see* ECF No. 142 at 20-21, and the Court agrees. Accordingly, Defendants David and McBride are **DISMISSED** from this action.

The Clerk of Court is respectfully directed to terminate Defendants VOA, Breaking Ground, Project Renewal, David, and McBride from the docket.

SO ORDERED.

Dated: November 5, 2026
New York, New York

DALE E. HO
United States District Judge